**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **JAMES G. WOODSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:05-0937** |
| | ) | |
| **SARGENT DURHAM, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 28, 2005, Plaintiff, an inmate formerly incarceration at the Southern Regional Jail,[1] and acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 1.) Plaintiff alleges that the Defendants Durham and Francis improperly confiscated his legal document during a "shakedown" on November 8, 2005. (Document No. 1.) Plaintiff claims that his documents were taken the day before "I was to go for my motion hearing in State court." (Id., p. 1.) Plaintiff acknowledges that he did not "go to court the next day [November 9, 2005]. No one told me why. I was ambushed on the 16th of Nov. 2005." (Id., p. 2.) Plaintiff argues that once "he made it to court," his trial counsel only had "numbers of my motions, not reasons for them or why they should be granted." (Document No. 3, p. 7.) Plaintiff acknowledges that the "court had copies of motions, so did Mr. Wilcher, but he didn't have it with him." (Id.) Therefore, Plaintiff contends that Defendants "used their power to take all my legal work leaving me

---

[1] Plaintiff is no longer incarcerated at the Southern Regional Jail. He is currently incarcerated at Mount Olive Correctional Complex.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

without a way to defend myself under criminal prosecution."[3] (Document No. 1, pp. 3 - 4.) Plaintiff requests that the "two officers, Francis and Durham, be brought into this court and hear what answers they have for such a violation." (Id., p. 4.)

On December 15, 2005, Plaintiff filed a letter in support of his Complaint. (Document No. 3.) In his letter, Plaintiff continues to argue that Defendants improperly confiscated his legal documents. (Id.) Plaintiff states that he filed a request concerning his legal documents on November 11, 2005. (Id., p. 8.) Plaintiff asserts that he received an answer to his request on November 15, 2005, which stated that "I was allowed to view any of my documents in an interview room under supervision." (Id., pp. 7 - 8.) On December 30, 2005, Plaintiff filed his second letter in support of his Complaint. (Document No. 4.) Plaintiff continues to claim that Defendants improperly confiscated his legal papers, stamps, envelopes, and legal pad. (Id., p. 1.) Plaintiff again acknowledges that he can view his legal documents under supervision. (Id.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted.[4] A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v.

---

[3] Plaintiff states that he "was charged with 2 like indictments with improper dismissal that would make any new indictment void." The undersigned notes that any claim challenging the validity of Plaintiff's criminal conviction or sentence is not cognizable in this Section 1983 action.

[4] The undersigned notes that Plaintiff has initiated three other suits in this Court since 2004.

Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

**ANALYSIS**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

It is well-established that inmates have a constitutional right of meaningful access to the Courts. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979)("State prisoners have a constitutional right of meaningful access to the courts, which a state

may not abridge nor impair; nor may it impermissibly burden its access."). This right requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828, 97 S.Ct. at 1498. The United States Supreme Court discussed the right of prisoners to meaningful access to the Courts in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L. Ed.2d 606 (1996). Making it perfectly clear that prisoners do not have a right *per se* to a law library or legal assistance, the Lewis Court explained and elaborated upon its earlier decision in Bounds v. Smith, *supra*, as follows:

> The right that Bounds acknowledged was the (already well-established) right of *access to the courts*. In the cases to which Bounds traced its roots, we had protected that right by prohibiting state prison officials from actively interfering with the inmates' attempts to prepare legal documents, or file them and by requiring state courts to waive filing fees, or transcript fees for indigent inmates. * * * In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. * * * Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 350 - 51, 116 S.Ct. at 2179 - 80. [Emphasis in opinion; citations omitted.] Many Courts, including the Fourth Circuit, have found that a cause of action is stated for violation of the right of meaningful access to the Courts where it is alleged that prison officials confiscated and/or destroyed legal materials or papers and hindered efforts to pursue legal claims. Carter v. Hutto, 781 F.2d 1028, 1031 - 32 (4th Cir. 1986)(Finding that the alleged seizure and destruction of an inmate's legal materials relating to his application for a writ of *habeas corpus* stated "a valid claim based on

the deprivation of access to the courts, a right of vital importance to prisoners and to the integrity of our criminal justice system."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(Finding that the confiscation of legal materials and the denial of writing supplies could constitute an unconstitutional interference with an inmate's right of access to the courts.). However, "the temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." Vigliotto v. Terry, 873 F.2d 1201, 1202 - 1203 (9th Cir. 1989)(Plaintiff was not denied his right of access to the courts when prison officials confiscated his legal materials for three days and threatened to destroy the materials if plaintiff did not have them removed and the materials were then lost.)

It is clear from the Lewis Court's decision that a complaint alleging deprivation of the right of access to the Courts must include a statement indicating some palpable actual injury. The Lewis Court stated in its Syllabus as follows:

> [T]o establish a Bounds violation, the actual injury that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. This requirement derives ultimately from the doctrine of standing. Although Bounds made no mention of an actual injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite.

Lewis, 518 U.S. at 343, 116 S.Ct. 2176. The Lewis Court explained further as follows:

> . . . Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis, 518 U.S. at 355, 116 S.Ct. at 2182. Accordingly, where it is alleged, as it is in this case, that prison officials confiscated or withheld legal materials or papers and hindered efforts to pursue legal

claims, it must also be alleged and shown that the prison officials' conduct actually resulted in the complainant's inability to proceed in Court.

Based upon a thorough review of the record, the undersigned finds that Plaintiff has failed to allege any facts which suggest that Defendants' conduct deprived him of access to the Courts, *i.e.*, that he suffered any harm or prejudice as a result of Defendants' withholding of legal materials. Plaintiff alleges that his legal materials were confiscated prior to a motions hearing in his criminal proceedings before the State court. Plaintiff states that he was represented by counsel in his State court proceedings. The undersigned notes that representation by counsel negates a prisoner's claim of inadequate access to the courts. See Bourdon v. Loughren, 386 F.3d 88, 94 (2nd Cir. 2004)(holding that "the appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts"); Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993)(finding that a prisoner's right to meaningful access to the court "can be satisfied either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law"); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990)(holding that "the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves" and waive their right to counsel); Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3rd Cir. 1988)(found "*Bounds* to hold that the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts"); United States v. Wilson, 690 F.2d 1267, 1272 (9th Cir. 1982)(court-appointed counsel satisfies the right to meaningful access to the courts); Cruz v. Hauck, 515 F.2d 322, 331-33 (5th Cir. 1975)("access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State.") Plaintiff also acknowledges that the State court and trial counsel had copies of Plaintiff's motions. (Document No. 3, p. 7.) Additionally, Plaintiff clearly had access to his legal materials

because he was allowed to "view any of my documents in an interview room under supervision." (Document No. 3, p. 8.) Furthermore, Plaintiff's filing of the instant action suggests that his ability to correspond with the courts has not been hindered by the confiscation of "stamps, envelopes, and legal pads."[5] Thus, there is no indication that Defendant's conduct actually denied Plaintiff access to his legal materials or resulted in his inability to proceed in court. Accordingly, the undersigned finds that Plaintiff's Complaint should be dismissed because he fails to state a claim of inadequate access to the courts.[6]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

---

[5] Subsequent to the filing of his Complaint, Plaintiff filed two letters in support of his Complaint. (Document Nos. 3 and 4.)

[6] Circumstances indicate that Plaintiff also failed to fully exhaust his administrative remedies. Plaintiff does not indicate that he exhausted administrative remedies prior to filing his Complaint, and Plaintiff's Complaint is dated only ten days after the alleged confiscation of Plaintiff's legal documents. In view of the ten day period of time between the Defendants' alleged improper confiscation and Plaintiff's filing of his Complaint, and being familiar with the State administrative process for consideration of inmate grievances and complaints which takes considerably longer than ten days to exhaust, the undersigned finds it unlikely that Plaintiff properly exhausted his administrative remedies. *See Blount v. Milgrum*, 2007 WL 1976737 (W.D.Va.)(citing the Fourth Circuit's decision in *Anderson v. XYZ Correctional Health Services*, District Judge Conrad stated that "[g]iven that the events plaintiff alleges violated his rights occurred on . . . the same date upon which he signed and dated the instant complaint, it is clear that, although plaintiff may have initiated the administrative remedies procedure on that date, plaintiff could not have exhausted all available administrative remedies before filing his complaint. Thus, the court will dismiss the claims pursuant to § 1997e(a).")

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: January 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge