IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES G. WOODSON,

        Plaintiff,

v.                                                  CIVIL ACTION NO.  5:05-cv-00937

fna DURHAM, Officer, Southern Regional Jail, and
fna FRANCIS, Officer, Southern Regional Jail,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Complaint [Docket 1] filed on November 28, 2005. Pursuant to the Standing Order entered on July 21, 2004, and filed in this case on November 28, 2005, the case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B).  On April 17, 2006, the case was reassigned to the undersigned District Judge.  On January 30, 2009, Magistrate Judge VanDervort filed his PF&R [Docket 6], recommending that the Court **DISMISS** the complaint and remove the matter from the docket.

*I.  STANDARD OF REVIEW*

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's

Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In this case, Objections to the PF&R were due by February 17, 2009. On February 17, 2009, however, Plaintiff filed a motion seeking an extension of time to file his objections. The Court granted that motion by Order [Docket 9] entered on February 18, 2009, and extended the deadline for objections to March 13, 2009. Plaintiff timely filed his objections on March 16, 2009. The briefing is complete and the matter is now ripe for the Court's review.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background is set forth more fully in the PF&R. Relevant to this matter, at the time Plaintiff filed his complaint, he was an inmate at Southern Regional Jail in Beaver, West Virginia. According to the complaint, which the magistrate judge construed as seeking relief pursuant to 42 U.S.C. § 1983, Defendants subjected Plaintiff to a "shakedown" on November 8, 2005, during which they confiscated several legal documents then in his possession. Plaintiff further alleges that he was scheduled to appear in court on November 9, 2005, but for reasons unknown to him, he never went. Put simply, Plaintiff alleges that "Officers Durham and Francis used their power to take all [his] legal work[,] leaving [him] without a way to defend [him]self." (Docket 1 at 3–4.)

On December 15, 2005, Plaintiff filed with the Court a letter in support of his complaint. In that letter, Plaintiff states that, once he "made it to court," his attorney had "numbers of [his]

motions, not reasons for them or why they should be granted." (Docket 3 at 7.) Plaintiff admits, however, that the court had copies of his motions. On November 11, 2005, Plaintiff filed a request with prison staff regarding his legal documents. In response to that request, prison staff informed Plaintiff that he was permitted to view his legal documents in an interview room, and only under supervision. On December 30, 2005, Plaintiff filed a second letter in support of his complaint, again maintaining that his legal supplies were improperly confiscated, and again admitting that he is able to review his legal documents while under supervision.

### *III. ANALYSIS*

Magistrate Judge VanDervort found that Plaintiff has not been deprived of access to the courts based on the alleged confiscation of his legal materials. In particular, the magistrate judge found that Plaintiff's representation by counsel effectively negates a claim of inadequate access to the courts. *See Bourdon v. Loughren*, 386 F.3d 88, 94 (2d Cir. 2004) ("[T]he appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners . . . with access to the courts."). The magistrate judge further found that Plaintiff's admission that he was permitted to view his legal materials while under supervision further undermines his claim of inadequate access. Finally, the magistrate judge found that the filing of Plaintiff's materials in the instant matter shows that any alleged confiscation of legal materials has not hindered his ability to communicate with the courts. *See Lewis v. Casey*, 518 U.S. 343, 343 (1996) ("[T]he actual injury that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to

pursue a nonfrivolous legal claim."). Thus, the magistrate judge concluded, Plaintiff failed to allege any actual injury and his § 1983 claim must fail.[*]

In his Objections [Docket 10], Plaintiff generally restates the facts that make up his complaint. In that filing, he also complains about riding a bus with witnesses during a trial; however, that claim is raised for the first time in his objections and is therefore not properly before the court. Further, its relevance to this or any other claim is uncertain at best. Thus, regarding the factual allegations set forth, Plaintiff does not direct the Court to any specific portion of the PF&R to which he objects, and to the extent that Plaintiff's recitation of the facts may be considered an objection, it is **OVERRULED**.

Nonetheless, Plaintiff does raise one valid objection to the PF&R, namely that the confiscation of legal materials by prison staff gives rise to a cause of action for deprivation of an inmate's right to access to the courts. In support of that contention, Plaintiff cites to three cases: *Zilich v. Lucht*, 981 F.2d 694 (3d Cir. 1992); *Carter v. Hutto*, 781 F.2d 1028 (4th Cir. 1986); and *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975). In light of Plaintiff's objections, the Court will review his cited authority in turn.

Although Plaintiff accurately cites to these cases, his objection misses the mark. The magistrate judge correctly recognized that a prisoner may state a proper cause of action for denial of access based on a confiscation of legal materials. (Docket 14 at 4–5.) In fact, the magistrate judge cited to both *Carter* and *Oxendine* in his analysis. (*Id.*) However, the magistrate judge also

---

[*] As a possible alternative ground for dismissing the complaint, the magistrate judge also noted that, in light of the filing of the complaint approximately ten days after the alleged "shakedown" occurred, it is unlikely that Plaintiff properly exhausted his administrative remedies before filing his case in this Court.

properly recognized that to state a claim for denial of access, a prisoner must also allege an actual injury resulting from a purported deprivation of legal materials. (*Id.* at 5.) Thus, the magistrate judge did not hold as a matter of law that Plaintiff *could not* state a claim of denial of access based on the confiscation of his legal materials; rather, the magistrate judge held that Plaintiff *did not* state an adequate claim. This finding was correctly based both on the fact that Plaintiff did not allege any actual injury—he is permitted to view his legal materials under supervision and his attempts to communicate with the Court in the instant matter have not been hindered—and on the fact that Plaintiff was represented by counsel in the criminal proceedings during which his materials were allegedly confiscated. Accordingly, Plaintiff's Objections [Docket 10] are **OVERRULED**.

## IV. CONCLUSION

Based on the foregoing analysis, Plaintiff's Objections [Docket 10] are **OVERRULED**. The Court therefore **ADOPTS** the recommendation contained in the PF&R [Docket 6], and **DISMISSES** the Complaint [Docket 1]. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 18, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE